UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RAYNAL and others, | Case No. 11-cv-05599 NC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' REQUEST TO DEPOSE NONPARTIES ROBERT CURTIS AND BRIAN CURTIS** |
| v. | |
| NATIONAL AUDUBON SOCIETY, INC., | Re: Dkt. No. 44 |
| Defendant. | |

The parties filed a joint discovery letter in which plaintiffs request leave to depose nonparties Robert Curtis and Brian Curtis on May 7 and May 9, 2012, arguing that the depositions are necessary to their opposition of Audubon's anti-SLAPP motion. Audubon opposes the request, arguing that discovery in this action should be stayed until plaintiffs file a "viable" amended complaint and the Court resolves Audubon's anti-SLAPP motion. Because the testimony plaintiffs seek to take is essential to plaintiffs' opposition of Audubon's anti-SLAPP motion, plaintiffs' request is GRANTED.

The Ninth Circuit has held that when an anti-SLAPP motion is pending in federal court, Federal Rule of Civil Procedure 56(d) applies to motions for discovery. *See Freeman v. ABC Legal Services Inc.* —F.Supp.2d—, No. 11-cv-3007 EMC, 2011 WL 6090699, at *3 (N.D. Cal.

Nov. 10, 2011) (holding that "in the context of an anti-SLAPP motion filed in federal court, Rule 56(d) applies" to requests for discovery); *see also Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (treating an anti-SLAPP motion like a summary judgment motion for the purposes of determining whether a party opposing an anti-SLAPP motion may seek discovery). Under Rule 56(d), a court may allow a party opposing a summary judgment motion to take discovery if that party shows that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). In the early stages of a case, "district courts should grant any Rule 56(f) motion fairly freely." *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *see also* FED. R. CIV. P. 56(d) advisory committee's note (2010) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

Here, plaintiffs have met these requirements, as they have sufficiently established that the testimony at issue will help them uncover facts showing that Audubon suppressed information and altered documents that were material to the boundary dispute that gave rise to plaintiffs' claims against Audubon for slander of title and deceit. Accordingly, plaintiffs may depose Robert Curtis and Brian Curtis on May 7 and May 9, 2012, as scheduled.

IT IS SO ORDERED.

Date: April 30, 2012

Nathanael M. Cousins
United States Magistrate Judge

Case No. 11-cv-05599 NC
ORDER GRANTING REQUEST TO             2
DEPOSE NONPARTIES